## Ferdinand W. Peck et al.

### v.

## Timothy Cooper.

Corporations—Stockholders not liable for torts of.—The mere fact that a person is a stockholder or director in a corporation, does not render him liable for the torts of the corporation or its agents. Some knowledge of, and participation in, the act claimed to be tortious must be brought home to him.

Appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding. Opinion filed March 29, 1881.

Messrs. Cooper, Packard & Gurley, for appellants; that it was material for plaintiff to prove that appellants authorized the order or notice in question, and in the absence of proof the negative will be presumed, cited Bonnell v. Wilder, 67 Ill. 327; Watt v. Kirby, 15 Ill. 200; Union Nat. Bank v. Baldenwick, 45 Ill. 375.

When the verdict is against the evidence, the judgment will be reversed: Puterbaugh v. Crittenden, 55 Ill. 485; Waggeman v. Lombard, 56 Ill. 42; Smith v. Slocum, 62 Ill. 354; Hibbard v. Molloy, 63 Ill. 471; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Davenport v. Springer, 63 Ill. 276.

Instructions should be based on evidence: Pease v. Catlin, 1 Bradwell, 88; Holcomb v. Davis, 56 Ill. 413; Prescott v. Maxwell, 48 Ill. 82; Nichols v. Bradsby, 78 Ill. 44; Bradley v. Parks, 83 Ill. 169; Russell v. Minteer, 83 Ill. 150.

The appellants are not liable for the torts of servants of the corporation : Bath v. Caton, 37 Mich. 199; 2 Thompson on Negligence, 1060; Hewitt v. Swift, 3 Allen, 420; Bacheller v. Pinkham, 68 Me. 253; Stone v. Cartwright, 6 T. R. 411; Nicholson v. Mounsey, 15 East, 384.

Mr. JOHN C. BARKER and Mr. E. B. McCLANAHAN, for appellees; as to the liability of carriers of passengers, cited Pendleton v. Kinsley, 3 Clifford, 416; Phil. & Read. R. R. Co. vs. Derby, 14 How. 468; Thompson on Carriers of Passengers, 352; P. B. & W. R. R. Co. v. Quigley, 21 How. 210; Moore v. Fitchburg R. R. Co. 4 Gray, 465; Lamb v. Polk, 6 C. & P. 629; Story on Agency, § 452; Smith on Master and Servant, 152; Sleath v. Wilson, 9 C. & P. 607; M. & M. R'y Co. v. Finney, 10 Wis. 330; Railway Co. v. Hinds, 53 Pa. St. 515.

In such actions the defendants may be sued jointly or severally: Lightner v. Brooks, 2 Clifford, 291; Develing v. Sheldon, 83 Ill. 390; Olsen v. Upsahl, 69 Ill. 273.

The jury is to judge of the weight of evidence : Poleman v. Johnson, 84 Ill. 271; Hilliard on New Trials, 313; Keister v. Miller, 25 Pa. St. 481; Paton v. Stewart, 78 Ill. 481; Hubbard v. Rankin, 71 Ill. 129; Gorham v. Peyton, 2 Scam. 363.

The damages are not excessive : P. C. & St. L. R. R. Co. v. Thompson, 56 Ill. 138; C. & A. R. R. Co. v. Gregory, 58 Ill. 226; McNamara v. King, 2 Gilm. 432; Coffin v. Coffin, 4 Mass. 1; Coleman v. Southwick, 9 Johns. 45.

BAILEY, J. In December, 1871, in the city of Chicago, Timothy Cooper, a colored person, was forcibly ejected from an omnibus in which he had taken his seat as a passenger, by one Harry Lewis, the driver. The omnibus in question was the property of The People's Omnibus and Baggage Company, a corporation organized under a special act of the General Assembly, and was being used by said company at the time in the business of carrying passengers for hire, upon certain streets in said city. Cooper, desiring to go from one point to another on the regular route over which the omnibus was being run, entered it, deposited the usual fare in a box placed there to re-

Peck v. Cooper.

ceive it, and took his seat.   The driver thereupon ordered him to get out, telling him that colored persons were not allowed to ride, and Cooper refusing to obey, the driver entered the omnibus, seized hold of him and dragged him out, and in doing so, inflicted upon him a personal injury of considerable severity.

To recover damages for this assault, Cooper brought suit against Ferdinand W. Peck, Clarence I. Peck, Harold S. Peck, and several others, who were not served with process, seeking to hold them individually liable therefor.   The declaration consists of five counts, of which the first alleges that the defendants personally committed the trespass complained of; the second, that they were the owners of a certain omnibus used for carrying passengers for hire in the city of Chicago, and as such owners committed the trespass; and the remaining three counts allege, in substance, that the defendants owned, used and controlled a certain omnibus which they used for the conveyance of passengers for hire in the city of Chicago, and that the same was under the charge of one Harry Lewis, the driver thereof, who was their servant in that behalf, and that said trespass was committed by said Lewis in the course of his employment, at the direction and command of the defendants.

The three defendants served appeared, and each filed a separate plea of not guilty, and the cause coming on to be tried in January, 1880, the jury returned a verdict for the defendants. This verdict being set aside on motion of the plaintiff, the cause was again tried in January, 1881, and a verdict rendered, finding said three defendants guilty, and assessing the plaintiff's damages at $2,000; and for this sum and costs the plaintiff had judgment.

There is no pretense that either of the defendants had any personal participation in the assault.   The judgment, then, can be upheld only upon the theory that they were in some way responsible for the acts of Lewis, the driver.

The evidence is undisputed that the omnibus at the time of the assault was the property of The Peoples' Omnibus and Baggage Company, and in the possession and under the control of that company, and that Lewis, in driving the omnibus,

acted as the servant and employe of the company, and not of the defendants; so that whatever may have been the conduct of the defendants, the maxim *respondeat superior* has no application.

It appears however that all three of the defendants were stockholders in the corporation, and members of the board of directors, and that Ferdinand W. Peck was also the president of the company. There is some evidence tending to show that at the time of the assault there was in force a general rule or order, promulgated by the company or some of its officers, requiring its drivers to exclude all colored persons from its omnibuses, and some effort was made to show that such order emanated from, or was sanctioned by, Ferdinand W. Peck, the president.

We have examined the evidence on this latter point, and are far from being satisfied that it preponderates in favor of the plaintiff. The plaintiff himself testifies that the driver, at the time he ordered him to leave the omnibus, said that Peck, the president, had issued an order that colored persons should not be allowed to ride in the company's omnibuses. Also, Howard Young, another witness, who at the time of the assault was driving one of the company's omnibuses, testifies that there was such order ; that he received it from John Walsh, the company's assistant superintendent, but never from Peck, although Walsh claimed to the witness that he had received it from Peck. So far as the testimony of these two witnesses tends to charge Peck with any personal responsibility for the order, it is merely hearsay. Lewis and Walsh were neither of them called as witnesses, and as they were the agents and employes of the company and not of Peck, we are unable to see upon what principal their declarations can be competant as evidence against him, or have any tendency to connect him with the order in question, if any such order in fact existed.

Samuel W. Scott, another witness, however, testifies that he saw copies of an order posted up in the company's barns, s'gned, he thinks, by the general superintendent, requiring the exclusion of colored persons from the company's omnibuses. His recollection of the contents of such paper is exceed-

Peck v. Cooper.

ingly vague and unsatisfactory, but he testifies that they were notices that Peck, or Peck Bros., had ordered colored persons to be excluded. But there is an entire absence of evidence tending to show that said papers were in fact posted by Peck or by his authority, or that he even had any notice of their existence.

But the same witness on his direct examination, testifies that on one occasion he called upon Peck, the president, with a view of inducing him to employ two or three colored drivers for the company's omnibuses, and that he then asked Peck the question whether they excluded colored persons from riding in their omnibuses, and that he admitted that they had been obliged to make such order. The witness, however, on cross-examination, virtually recalls the last statement, and testifies that he cannot say that at that interview anything passed between them in relation to excluding colored persons, or to any order on that subject.

The foregoing is, in brief, all the evidence in the record tending to connect the president of the company with this alleged order. We think it fails to make out a case upon which a conviction of the defendant ought to be sustained. Peck, on the other hand, testifies in the most positive manner, that he never, as president of the company, or in any other capacity gave any directions, verbal or written, to the superintendent or assistant superintendent, or to any of the employes of the company, or to anybody else, to the effect that colored people should not be allowed to ride in the omnibuses of the company, and that if any such order was given by the superintendent or assistant superintendent to the drivers, he had no knowledge of it; that he never saw any notice of such order posted in the company's barns, and does not believe that there was ever such a notice; that such order would have been contrary to his ideas on the question, and that if he had known of its existence he would have sought to have it countermanded. Such being the testimony in the case, we are of the opinion that the verdict, so far as it relates to Ferdinand W. Peck, is clearly against the preponderance of the evidence.

As to the other two defendants, we find no evidence what-

ever tending to charge them with any responsibility for the trespass complained of. No attempt is made to connect them with the promulgation of the alleged order, nor is it even shown that they had any knowledge or notice of its existence. The only fact proved against them is, that they were stock-holders and directors of the company. But this of itself has no tendency to establish their liability for torts committed by the employes of the company, though committed in pursuance of the company's rules, or the orders of some other of its officers or agents. The mere fact that a person is a director and stockholder in a corporation, does not render him liable for the torts of the corporation or its agents. Some knowledge of and participation in the act claimed to be tortious must be brought home to him. As to defendants, Clarence I. Peck and Harold S. Peck, no attempt was made to do this, and as to them the verdict is unsupported by any semblance of evidence.

The second instruction given to the jury at the instance of the plaintiff was erroneous, for the reason that there was no evidence upon which it could be based. It submits to the jury the question whether the defendants, as officers, directors, or managers of the corporation, made or caused to be executed any rule or regulation commanding, requiring or authorizing any person or persons in their employment, or under their control or management, to refuse to carry as passengers in or upon any of their omnibuses, and to eject from their omnibuses any and all negroes who should take passage, or enter therein in violation of such rule or regulation. So far at least as this instruction applied to Clarence I. and Harold S. Peck, there was no evidence tending to prove the fact submitted.

The judgment will be reversed and the cause remanded.

Judgment reversed.